Michael Wilder, ISB No. 10660
Avery Law
3090 E Gentry Way Ste. 150
Meridian, ID 83642
Telephone: (208) 639-9400
Fax: (208) 994-3182

Attorney for Debtor

UNITED STATES BANKRUPTCY COURT
DISTRICT OF IDAHO

| | |
|---|---|
| In Re:<br><br>ERIC CHRISTOPHER PICHON<br><br>     Debtor. | Case No. 20-00840-NGH<br><br>CHAPTER 7<br><br>**DEBTORS OBJECTION TO TRUSTEE'S MOTION FOR TURNOVER OF ESTATE PROPERTY** |

**COMES NOW**, Eric Christopher Pichon, by and through his counsel of record, Michael Wilder of Avery Law, and hereby responds to Trustee's Motion for Turnover of Estate Property as follows:

**Forcing Debtor to Turnover the Rental Income Would Result in the Loss of His Home.**

1.      Debtor contends that if rents were required to be turned over to the trustee that this would forfeit his ability to effectively retain and pay the mortgage for the property.  The Trustee made an incorrect representation to this Court in his Motion for Turnover regarding debtor's ability to pay this obligation by referencing a Reaffirmation Agreement but not accounting for the effect the turnover of rent would have on that Agreement.

2.      Trustee alludes that Debtor has the ability to pay the mortgage and turnover the rents based upon the Reaffirmation Agreement filed in this case.  However, the truth of the matter is that by requiring rent to be turned over to the Trustee, Debtor's income would

effectively be reduced by $900.  Debtor's income as stated on Schedule I is made up of $1,685.88 net, after deductions from payroll, from employment and $725 net (after taking out $175 for rental utilities) from rental income.  This total income is $2,410.88.

3.      The reduction of this total income by $900 would result in Debtor having a disposable income of $1,510.88.  On Debtor's Schedule J, he estimated monthly expenses of $2,310.53.  Of that expense, his required monthly mortgage payment under the Reaffirmation Agreement is $1,254.53.  Trustee therefore would require turnover of the rental income, leaving debtor with only $256.35 to pay for the remaining $1,056 of monthly expenses.

4.      Debtor did sign this Reaffirmation Agreement with the mortgage creditor in this case stating that there would be no undue hardship.  However, this declaration of no undue hardship was based on debtor having use of the rents to pay that mortgage.  Should Trustee require turnover of the rents, Debtor will be unable to pay the mortgage which would result in the mortgage creditor filing a Motion for Relief from Stay to obtain the rents for their use and potentially foreclose on the property.  This has put debtor in a difficult situation since he is unable to rescind this agreement should rents be required for turnover.

**There is an Assignment of Rents Clause that Requires Rent be Used on Mortgage**

5.      Debtor further contends that the mortgage creditor has rights to the rents above and beyond all other creditors due to the assignment of rents clause outlined in the Deed of Trust (attached as "Exhibit 1").  In this agreement, debtor granted the mortgage creditor an absolute assignment of rents in Subparagraph B.5.  The trustee taking these rents for the benefit of the general unsecured creditors would go against the intended use of the rents between the mortgage creditor and the Debtor.

6.      Further, Trustee absurdly believes that he should be allowed to pro-rate the rent received for the month of September.  However, the Trustee decided, based on his own discretion, and no legal basis provided, to demand a prorated share of rent collected for September.  Debtor strongly objects to this belief held by the Trustee.  The money received for the month of September was collected and subsequently paid to the mortgage creditor before the commencement of the case.  Trustee is effectively demanding turnover of money that was received and spent prior to the creation of the bankruptcy estate under 11 U.S.C. § 541(a).

**Debtor has Elected to Convert His Case to Chapter 13**

7.      To protect himself and protect the mortgage creditor from incurring a loss, Debtor has filed a Motion to Convert his bankruptcy to a Chapter 13 pursuant to 11 U.S.C. § 1307(a). This Motion to Convert was filed on February 4, 2021.

8.      Therefore, Debtor requests this Court deny Trustee's Motion for Turnover of Estate Property as this case, pending any objections, will convert to a Chapter 13 case.

DATED this 10th day of February, 2021.

/s/Michael Wilder
Michael Wilder, Attorney for Debtor

## <u>CERTIFICATE OF SERVICE</u>

**I HEREBY CERTIFY** that on February 10, 2021, I filed the above Objection to

Trustee's Motion for Turnover electronically through the CM/ECF system, which caused the

following parties or counsel to be served by electronic means, as more fully reflected on the

Notice of Electronic Filing:

U.S. Trustee - ustp.region18.bs.ecf@usdoj.gov

Timothy Kurtz - trk@kurtztrustee.com

**AND I HEREBY CERTIFY** that on such date I served the foregoing on the

following non CM/ECF Registered Participants in the manner indicated:

Eric Pichon
PO Box 143
Cascade, ID 83611


<u>/s/ Melissa Geary</u>